IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julio Santos Padilla, | ) | C/A No. 4:14-769-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Morgan, and | ) | |
| Kenny Atkinson, *Warden*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment. (Dkt. No. 32). For the reasons stated below, Plaintiff's motion is DENIED.

## **Background**

On three different occasions the Magistrate Judge ordered Plaintiff to submit items needed to render this case into proper form. (Dkt. Nos. 10, 15, 23). Three times the Court provided Plaintiff opportunity and instruction to comply with the requirements. (*Id.*). The Court's third Order, on June 4, 2014, found that the Plaintiff had again failed to submit proper documents to the Court. (Dkt. No. 23). First, while the Plaintiff had completed a summons form, which listed both Defendants' names, the Plaintiff had failed to complete a separate summons form for the Attorney General of the United States and a separate summons form for the United States Attorney for the District of South Carolina. (*Id.* at 1). Second, while the Plaintiff had completed a Form USM-285 for each of the individual Defendants listed in the case, Plaintiff had failed to complete a separate Form USM-285 for the Attorney General of the United States and a separate Form USM-285 for the United States Attorney for the District of

1

South Carolina. (*Id.* at 1-2). No process in the case could be issued until the items specified above were submitted and reviewed by the Magistrate Judge. (*Id.* at 2).

The third Order was sent to Plaintiff at the address provided, but the Plaintiff failed to respond to the Order. In light of no response from the Plaintiff, the Court dismissed Plaintiff's complaint without prejudice,[1] pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 28). Plaintiff has now filed a Motion to Reconsider stating, "I did [comply] with every single detail requested of me by the court" and asked, "If there is [anything] I've missed could you let me know and please grant me the opportunity to do it over." (Dkt. No. 32).

## Discussion

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). Rule 59(e) motions "may not be used to make arguments that could have been made before the judgment was entered." *Id.* Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

The Rule 59(e) requirements establish a high burden. The Plaintiff has failed to present this Court with any evidence or argument sufficient to meet one of the three standards within Rule 59(e). Therefore, the motion is denied.

---

[1] Because the dismissal was without prejudice, Plaintiff may refile the case.

## Conclusion

Plaintiff has not shown that he is entitled to relief under Rule 59(e). Therefore, Plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 25) is DENIED.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

September 2, 2013
Charleston, South Carolina

3